

**ORDERED in the Southern District of Florida on November 15, 2011.**

A. Jay Cristol, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                              Chapter 13

ROBERT SARHAN                                        CASE NO: 10-45979-BKC-AJC

    Debtor.
_____/

### ORDER GRANTING FORMER GUARDIAN OF THE PROPERTY'S, JOSEPH D'JAMOOS, MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO DETERMINE AMOUNT OF SANCTIONS AGAINST DEBTOR, ROBERT SARHAN, PURSUANT TO THE CIRCUIT COURT'S ORDER DATED DECEMBER 6, 2007

THIS CAUSE came before the Court for an evidentiary hearing on September 8, 2011 at 11:30 a.m. (the "Hearing") on the Motion of the Former Guardian of the Property Joseph D'Jamoos (the "Guardian") for Relief from the Automatic Stay to Determine Amount of Sanctions [ECF No. 171] (the "Motion") against the Debtor, Robert Sarhan (the "Debtor"). Having heard the arguments

{00062033.DOC 2}
1

of counsel and the Debtor at the Hearing, having noted that no objections to the Guardian's exhibits or caselaw were timely filed by the Debtor, having reviewed the Motion and Court file and being otherwise duly advised in the premises, the Court renders the following opinion.

## I. BACKGROUND

1. On November 23, 2010, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

2. Yvonne Sarhan (hereinafter the Ward") was the mother of the Debtor and his brother, Anthony Sarhan.

3. The Ward was adjudicated incapacitated by order of the Circuit Court on August 7, 2003 in the case styled *In Re: The Guardianship Of: Yvonne Sarhan,* Case No. 03-3440 (04) currently pending in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "Guardianship Case").

4. The Guardian of the Property of the Ward was duly appointed pursuant to the Circuit Court's order of December 3, 2003. The Ward passed away in February 2010.

5. Since the establishment of the Guardianship, the Debtor submitted dozens of unsuccessful pleadings, of varying degrees of formality, seeking to terminate the Guardianship, to have the Ward's rights restored, and/or to remove the court appointed Guardians. None of those pleadings resulted in a favorable ruling by any of the six plus judges who heard these matters.

6. As a result of the actions of the Debtor, the Ward's funds were used largely on the payment of Guardianship expenses which included attorney's fees and costs used to address the Debtor's baseless allegations and frivolous pleadings. As of the commencement of the probate estate

(upon the death of the Ward), however, the Guardian was still owed fees and costs associated with defending the baseless claims of the Debtor.

7. On or about June 9, 2005, the Guardians filed a Motion for Sanctions in the Guardianship Case seeking sanctions against the Debtor under § 57.105, *Fla. Stat*. On or about July 26, 2007, the Guardians filed a Second Motion to Impose Sanctions in the Guardianship Case against the Debtor for his repeated abuse of the Court's legal system and the filing of meritless pleadings all of which have been previously ruled upon by the Circuit Court and affirmed on appeal.

8. Following a December 3, 2007 hearing on the sanction motions, on December 6, 2007, the Court in the Guardianship Case (the "Guardianship Court") entered an Order granting both Motions for Sanctions against the Debtor (the "Sanctions Order"). In the Sanctions Order, the Guardianship Court specifically noted that it has consistently upheld the Guardianship and the appointment of the Guardians and has found no basis to remove the Guardians.

9. The Guardianship Court also noted in the Sanctions Order that the Third District Court of Appeals affirmed all of the lower court's ruling in all respects. The Guardianship Court made a specific finding that each and every claim raised by the Debtor in his petitions were frivolous and without merit.

10. The Guardianship Court in granting the two Motions for Sanctions against the Debtor reserved ruling on the amount of attorney's fees and costs and other damages to be paid by the Debtor as sanctions for filing the meritless pleadings.

11. On August 31, 2011, the Guardian filed the Motion seeking relief from the automatic stay to obtain from the Guardianship Court a ruling on the amount of attorney's fees and costs and

other damages that should be awarded to the Guardian against the Debtor in the Guardianship Case. The Guardian will then seek allowance of the award as an administrative expense in the probate case styled *In Re: The Estate Of: Yvonne Sarhan,* Case No. 10-0799 (04) currently pending in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "Probate Case").

12. At the Hearing, the Debtor indicated that he required additional time to review the Motion, the exhibits entered into evidence by the Guardian and the case law cited by the Guardian. The Court provided the Debtor until September 22, 2011, to file any objections to the Motion or to the Guardian's exhibits entered into evidence. The Debtor has not filed any objections.

13. Accordingly, certified copies of the Guardian's exhibits, numbers 2, 4 and 6, are admitted into evidence.

## II. CONCLUSIONS OF LAW

14. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157 and 11 U.S.C. § 362.

15. Guardianship expenses must be determined before the probate estate in the Probate Case may make its distributions to beneficiaries which include the Debtor. Section 744.527, *Fla. Stat*. allows for the payment of all guardianship expenses incurred to be paid before estate distribution. *See Midland Nat. Bank and Trust v. Comerica Trust Co. of Florida, N.A.,* 616 So.2d 1081 (Fla. 4th DCA 1993); § 744.527, *Fla. Stat*.

Upon the foregoing, it is

**ORDERED** and **ADJUDGED** as follows:

1. The Motion is **GRANTED**.

2.	Cause exists for the Court to terminate the automatic stay and to permit the Guardian to obtain a ruling from the Guardianship Court on the amount of attorney's fees and costs and other damages that should be awarded to the Guardian and to have the sanctions award allowed and paid as an administrative expense in the Probate Case.

3.	The Court waives the 14 day waiting period provided for in Fed. R. Bankr. P. 4001(a)(3) and the automatic stay shall no longer be in effect upon the entry of this Order.

# # #

Submitted By:

Jeffrey P. Bast, Esq.
John R. Eder, Esq.
BAST AMRON LLP
SunTrust International Center
One Southeast Third Avenue, Suite 1440
Miami, Florida 33131
Telephone: 305-379-7904
Facsimile: 305-379-7905
E-mail: jbast@bastamron.com
E-mail: jeder@bastamron.com

Copies furnished to:
Jeffrey P. Bast, Esq.
Attorney Bast shall serve a conformed copy of this Order to all interested parties and file a Certificate of Service

{00062033.DOC 2}

5